**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| LORETTA ANN WARE | CIVIL ACTION NO. 08-1571 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SUN LIFE ASSURANCE COMPANY OF CANADA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an unopposed Rule 12(b)(6) Motion to Dismiss and Alternative Rule 56 Motion for Summary Judgment (Record Document 7) filed by defendant Sun Life Assurance Company of Canada ("Sun Life"). Sun Life moves to dismiss with prejudice the claims of plaintiff Loretta Ann Ware ("Ware"), arguing that her complaint for disability benefits is time barred. For the reasons which follow, the motion is granted.

**I.    BACKGROUND.**

Sun Life issued a policy for long term disability insurance effective January 1, 1977 to Louisiana State University. The policy provided long term disability benefits to totally disabled employees as defined by and under the terms and conditions set forth in the policy. The policy contains a three-year limitations period for filing suit on any claim under the policy:

> No legal action may start until 60 days after Proof of Claim has been given; **nor more than 3 years after the time Proof of Claim is required**.

Record Document 10, Exhibit A-1 at SL00835 (emphasis added). Under the policy, the time limit for submitting a Proof of Claim is "no later than 90 days after the end of the Elimination Period." Id. at SL00837. The elimination period "means a period of continuous days of Total or Partial Disability for which no LTD Benefit is payable." Id. at SL00819.

The elimination period "begins on the first day of Total or Partial Disability" and ends after the later period of "3 months or the end of University sick leave benefits." Id. at SL00814, 00819.

On May 28, 1996, Ware made a claim for disability benefits under the policy as of the disability date of March 19, 1996. Sun Life paid benefits to her from June 19, 1996 through September 30, 2000. By letter dated November 27, 2000, Sun Life advised Ware of its decision to deny benefits beyond September 30, 2000, because her claim for continued disability was not supported. At that time, Ware was offered the opportunity to appeal. On December 15, 2000, Sun Life received Ware's appeal letter dated December 7, 2000. By letter dated June 13, 2001, Sun Life advised Ware of its decision upholding denial of disability benefits beyond September 30, 2000. Ware was also informed that she had exhausted her administrative remedies.

By letter dated February 5, 2004, Sun Life responded to a letter dated January 30, 2004 from Ware wherein she requested Sun Life to review her claim for disability benefits. Sun Life advised Ware that because the claim was denied on September 30, 2000 and reaffirmed upon appeal on June 13, 2001, she had exhausted all appeal opportunities.

By letter dated March 31, 2005, Sun Life responded to Ware's March 9, 2005 telephone call and explained that her benefits were terminated on September 30, 2000, that a letter regarding this termination was sent on November 27, 2000, that her appeal was denied on June 13, 2001, that written notice of the denial was sent on June 13, 2001, that she had exhausted administrative remedies, and that further review of her case would not be conducted.

Ware filed this lawsuit in state court on September 15, 2008. See Record

Document 1-2. Sun Life filed a Notice of Removal on October 20, 2008 and a Removal Order was entered on October 21, 2008. See Record Documents 1 & 3. Sun Life filed the instant Motion to Dismiss and Alternative Rule 56 Motion for Summary Judgment on November 17, 2008. See Record Document 7.

**II.   LAW AND ANALYSIS.**

**A.   Summary Judgment Standard.**[1]

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue

---

[1] The Court decided the instant motion pursuant to Rule 56(c). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Here, it is true that Sun Life attached the disability insurance contract at issue to its motion to dismiss, the contract was referred to in the complaint, and the contract is central to Ware's claims. Yet, the same cannot be said of Sun Life's June 13, 2001 letter. Ware does not specifically reference this letter in her complaint and it is central to her claim. Accordingly, the Court treated Sun Life's motion as a motion for summary judgment under Rule 56(c).

for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**B.    Prescription.**

This case is in federal court pursuant to diversity jurisdiction. See 28 U.S.C. § 1332(a). Under the Erie doctrine, federal procedural law and state substantive law apply in a diversity action. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). State statutes of limitations are considered substantive for purposes of Erie analysis. See Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464 (1945); Abdul-Alim Amin v. Universal Life Ins. Co., 706 F.2d 638, 640 (5th Cir.1983).

The Court determines which state's substantive law controls by applying the choice-of-law rules of the forum state, in this case Louisiana. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020 (1941). Louisiana law controls in this instance, as the insurance policy in question was delivered to an insured in Louisiana, the premiums were paid in Louisiana, and the policy provides: "[t]his Policy is delivered in Louisiana and is subject to the laws of that jurisdiction." Record Document 10, Exhibit A-1 at SL 00812; see also Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency Inc., 404 F.3d 927 (5th Cir. 2005); Landry v. Mutual Life Ins. Co. of N.Y., 54 F. Supp. 356 (W.D. La. 1944).

Louisiana Revised Statute 22:975(A)(11)[2] mandates the minimum prescriptive

---

[2]Formerly Louisiana Revised Statute 22:213(A)(11).

period for health and disability insurance policies in Louisiana. Section 975(A)(11) provides:

> Legal action: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proofs of loss have been filed in accordance with the requirements of this policy. No such action shall be brought after the expiration of one year after the time proofs of loss are required to be filed.

La. R.S. 22:975(A)(11). The statute also provides that insurance companies are permitted to include provisions that differ from those set forth in the statute as long as the provisions are more favorable to the insured. See La. R.S. 22:975(A). Thus, when an insurance policy specifies a contractual period, which is more favorable to the insured than the one-year prescriptive period provided in Section 975(A)(11), the time for filing is governed by the time period specified in the policy. See Sargent v. La. Health Serv. &Indemnity Co., 550 So.2d 843, 846 (La. App. 2d Cir.1989); Harrell v. Fidelity Sec. Life Ins. Co., No. 07-1439, 2008 WL 170269, at * 5 (E.D. La. Jan. 16, 2008). Here, the policy's three-year limitations period applies because it more favorable to the insured than the one-year statutory minimum.

The evidence in this case, which is undisputed, establishes that Ware's claim was brought after the expiration of the policy's three-year limitations period. The prescriptive period began to run on June 13, 2001 because upon that date, Ware no longer had the ability to seek further review of her claim or to submit any additional medical information. See Armel v. Sun Life Assur. Co. of Canada, No. 05-0327, 2006 WL 980679, *4 (E.D. La. April 11, 2006). Sun Life's June 13, 2001 letter informed Ware that the determination reaffirming denial of her benefits beyond September 30, 2000 was made at the final appellate level, that she had exhausted all administrative remedies, and that her file would

not be further reviewed. She was then required to file her action by June 13, 2004, i.e., within 3 years of June 13, 2001. Because Ware waited until September 15, 2008 to file this action, her claim has prescribed.

### III. CONCLUSION.

Based on the foregoing, Sun Life's unopposed Rule 12(b)(6) Motion to Dismiss and Alternative Rule 56 Motion for Summary Judgment is granted and this matter is dismissed with prejudice.

A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of April, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE